UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

BETHANY MARELL,                               )
                                              )
                    Plaintiff,                )
                                              )
        v.                                    )          No. 1:24-cv-00031-JRS-MKK
                                              )
OFFICER JOE PITTAK at al,                     )
                                              )
                    Defendants.               )

**ORDER ADDRESSING UNRESOLVED MOTIONS IN LIMINE**

Plaintiff Bethany Marell, acting as special administrator for Denim Fassold's estate, brings constitutional claims against the Defendants for failure to provide adequate medical care to Mr. Fassold while he was incarcerated at Shelby County Jail ("the Jail"), leading to his death on July 10, 2023. Plaintiff sues two groups of Defendants. The "Sheriff Defendants" are the individual correctional officers at the Jail, Joe Pittack, Bryce Balting, Makayla Eldridge, Ellis Hall, Paige Parsons, and Hunter Hounshell. The "QCC Defendant" is Destiny Snyder, who worked for Quality Correctional Care, Inc. and provided medical services at the Jail. At the Final Pre-Trial Conference on October 6, 2025, the Court reserved ruling on some of the motions in limine to allow the parties to file objections. The Court now addresses the remaining motions in limine.

**I.        Legal Standard**

"Trial courts issue rulings on motions in limine to guide the parties on what evidence it will admit later in trial." *Perry v. City of Chicago*, 733 F.3d 248, 252 (7th Cir. 2013). Motions in limine "perform[] a gatekeeping function and permit[] the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Jonasson v. Lutheran Child & Fam. Servs.*, 115

F.3d 436, 440 (7th Cir. 1997). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground, for any purpose." *Stewart v. Jackson*, 2021 WL 1660976, at *1 (N.D. Ind. Apr. 28, 2021) (internal quotation omitted).

The following rulings are preliminary rulings, and the parties may reassert objections outside the jury's presence if certain evidence becomes inadmissible or admissible within the appropriate context at trial. *See Perry*, 733 F.3d at 252 (explaining that "[a]s a trial progresses, the presiding judge remains free to alter earlier rulings" on motions in limine) (citing *Luce v. United States*, 469 U.S. 38, 41–42 (1984)).

### I.    The QCC Defendant's Motion in Limine No. 1

Plaintiff objects to the QCC Defendant's Motion in Limine No. 1, which seeks to exclude "evidence, testimony, or opinions (expert or lay)" that Physician Assistant Jen Winings's actions or inactions "demonstrated anything other than 'objective reasonableness' towards Mr. Fassold's medical needs." Dkt. 187 at 1. Plaintiff argues that this objection is not relevant because Ms. Winings is no longer a defendant in this lawsuit. Dkt. 199 at 2. Furthermore, "evidence of Jen Wining's actions and inactions will be introduced and discussed in testimony of most of the witnesses in this matter as she was consulted regarding Denim Fassold during the time of his incarceration at the Shelby County Jail. A blanket exclusion of the characterization of Ms. Wining's actions / inactions would prohibit relevant evidence from being introduced regarding the facts and circumstances surrounding the death of Denim Fassold, a fact of consequence in determining this action." *Id.* The QCC Defendant did not respond to this objection.

The Court **denies** the QCC Defendant's Motion in Limine No. 1 subject to contemporaneous objections because such a broad-sweeping exclusion could exclude relevant evidence that is admissible under Federal Rule of Evidence ("FRE") 401. The QCC Defendant

2

may reassert objections outside the jury's presence if certain evidence becomes inadmissible or admissible within the appropriate context at trial.

## II.    The Sheriff Defendants' Motions in Limine 1, 2, 3, 6, 8, 9

### A.  Motion in Limine No. 1

The Court directed the Plaintiff to submit additional briefing regarding her objection to the Sheriff Defendants' Motion in Limine No. 1a, which seeks to exclude evidence of damages to Mr. Fassold's son and fiancé. *See* dkt. 213. Therefore, the Court will not resolve this issue at this time.

The parties agree that Sheriff Defendants' Motion in Limine 1b is now moot because Plaintiff has withdrawn her state-law claims. Therefore, Motion in Limine 1b is **denied as moot.**

### B.  Motion in Limine No. 2

Motion in Limine No. 2 seeks to exclude "evidence or arguments suggesting that the unpreserved second floor video footage must have contained harmful or adverse evidence." Dkt. 181 at 4. Sheriff Defendants argue that this evidence is inadmissible per FRE 602 and 701 because the evidence in the record does not support these allegations. *Id.* Furthermore, the Sheriff Defendants also seek to exclude "evidence, reference, or argument that the second-floor video footage and/or the overwriting of the second-floor video footage supports an inference that medication was not offered to Fassold, that the medications were not available in stock, or that the Sheriff Defendants attempted to conceal the evidence." *Id.* Such evidence would be speculative and lack foundation in violation of FRE 401 and 403. Indeed, the Court previously determined that the circumstances surrounding the deletion of the second-floor video footage did not demonstrate "bad faith," and it declined to impose sanctions pursuant to Federal Rule of Civil Procedure 37(e)(2). Dkt. 176 at 4–5. As such, arguments or evidence that the Sheriff Defendants destroyed

the footage in bad faith or to conceal evidence should be excluded because the record thus far does not support this inference. Furthermore, the Court declined to impose an adverse jury instruction. *See id*. Thus, Plaintiff is not permitted to suggest or argue that the absence of the footage implies that it contained harmful or adverse evidence.

The Sheriff Defendants also seek to exclude "any reference to 2nd floor footage" because it would be prejudicial by inviting the jury to speculate about the contents of the non-existent footage. Dkt. 181 at 4 (citing FRE 401, 402). Plaintiff argues that the Court's order denying her motion for spoliation sanctions "does not prohibit the introduction of the absence of footage or the fact that the footage was overwritten." Dkt. 200 at 2. She argues that she should be able to cross examine the Sheriff Defendants' contention that the Jail had the prescribed medication at the time that Mr. Fassold was in custody by presenting evidence that no video evidence supports this contention. *Id.* A blanket exclusion on any reference to the second-floor footage could potentially exclude relevant evidence. As stated above, the purpose of a motion in limine is to exclude evidence that is *clearly* inadmissible for *any* purpose. *See Jonasson*, 115 F.3d at 440 (emphasis added).

The Court **grants** the Sheriff Defendants' Motion in Limine No. 2 to the extent that evidence or arguments suggesting that the unpreserved second-floor video footage must have contained harmful or adverse evidence detrimental to the Sheriff Defendants' defense. The Court **denies** the motion to the extent that it seeks to exclude "any reference to 2nd floor footage," subject to contemporaneous objections. If Plaintiff can establish the appropriate foundation for introducing evidence related to the second-floor floor video footage, then Plaintiff may offer it.

## C. Motion in Limine No. 3

Motion in Limine No. 3 seeks to exclude "any evidence, testimony, argument, or suggestion that the SCSO maintains unconstitutional policies, customs, practices, training, hiring, discipline,

or supervision" because it is irrelevant to the remaining individual capacity claims against the individual defendants. Dkt. 181 at 5.[1] Furthermore, evidence about institutional practices invites juror confusion about who is on trial and could lead the jury to render verdicts based on a desire to send a message to the Shelby County Sheriff's Office ("SCSO"). Thus, in addition, the Sheriff Defendants seek to bar the Plaintiff from making arguments that the jury should send a message to the SCSO based on the individual Defendants' actions since punitive damages are only available against individuals, not municipalities. *Id.* at 5–6. The Plaintiff counters that evidence of the SCSO's policies and practices is relevant to assess each individual Defendant's liability. Specifically, Plaintiff argues that she is entitled to cross-examine the individual defendants regarding what kinds of action they were permitted to take regarding Mr. Fassold's medical condition. Dkt. 200 at 3.

SCSO's policies and practices might be relevant to determine the liability of the individual defendants even though the *Monell* claims have been dismissed. Thus, the Court **denies** Motion in Limine No. 3 to the extent that it seeks a blanket exclusion on evidence, testimony, or argument related to SCSO policies, customs, practices, training, and supervision, subject to contemporaneous objections.

### D. Motion in Limine No. 6

Motion in Limine No. 6 seeks to exclude testimony or evidence of prior discipline or complaints against the individual Sheriff Defendants. Dkt. 181 at 7. The Sheriff Defendants argue that "any attempt to discuss, reference, or otherwise imply that the Sheriff Defendants acted in a certain way based on prior discipline or other allegations of misconduct without first satisfying the requirements of [FRE] 404(b) should be prohibited." *Id.* Plaintiff counters that Motion in Limine

---

[1] The Court's Order on the Defendants' Motion for Summary Judgment dismissed the Plaintiff's municipal liability claims against the Shelby County Sheriff's Office ("SCSO"). *See* dkt. 210.

No. 6 is a blanket exclusion that would prohibit her from introducing evidence that does meet the requirements of FRE 404(b). Dkt. 200 at 4.

The Court **grants** Motion in Limine No. 6's exclusion of prior discipline or complaints to prove an individual Sheriff Defendant's character or conformance with prior bad acts. *See* FRE 404(b)(1) (Evidence of "prior bad acts" is not admissible "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). Nevertheless, evidence of prior bad acts may be used for other purposes provided that it is relevant and will not introduce unfair prejudice. *See* 404(b)(1); *Okai v. Verfurth*, 275 F.3d 606, 610–11 (7th Cir. 2001) (explaining four-prong test for determine the admissibility of other bad acts).  Any such evidence must first be proffered outside the hearing of the jury to allow for objections.

### E.  Motion in Limine No. 8

The Sheriff Defendants move to exclude "testimony, argument, or suggestion by lay witnesses, including family members or correctional officers, that Denim Fassold's death was caused by a lack of medication, a seizure, or any other medical reason." Dkt. 181 at 9. They also seek to exclude any lay testimony or speculation that Mr. Fassold experienced seizures while at the Jail. *Id.* Plaintiff objects because liability under Section 1983 "may be predicated on failing to treat a serious medical need if the risk of failing to treat is obvious." Dkt. 200 at 5. Thus, Ms. Marell's testimony "regarding the medication she observed Denim Fassold taking for seizures" and the effects of not taking the medication is relevant to establishing that "the Sheriff Defendants' failure to treat Denim Fassold for his epilepsy was obvious." *Id.* The Sheriff Defendants replied that lay testimony of whether Mr. Fassold experienced seizures at the Jail is impermissible because it relies on specialized knowledge in violation of FRE 701 and 702. Dkt. 209 at 2.

Rule 701 allows a lay witness to testify in the form of an opinion so long as the testimony is "rationally based on the witness's perception" and "not based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701. So, "when an injury and its cause are clearly connected in some obvious way such that common experiences and observations explain the relationship, expert testimony is not required." *Dixon v. Baldwin*, 2024 WL 5003069, at *5 (S.D. Ill. Dec. 6, 2024); *Hendrickson v. Cooper*, 589 F.3d 887, 892 (7th Cir. 2009) ("No expert testimony is required to assist jurors in determining the cause of injuries that are within their common experiences or observations"). For example, in *Hendrickson* the court explained that the plaintiff did not need expert testimony to establish that being beat up by prison guards led to pain because this kind of causal connection did not present a complicated medical question. *Id.* District courts have routinely found, however, that lay witnesses cannot opine on issues of medical causation and diagnosis because they involve specialized knowledge. *See, e.g., Dixon*, 2024 WL 5003069 at *6 (barring the plaintiff from testifying "as to the causal relationship between the alleged attack and any medical or mental health condition"); *Stewart*, 2021 WL 1660976, at *8 (barring the plaintiff from offering opinions regarding medical diagnoses or causation of his blood pressure condition); *McQuiston v. Helms*, 2009 WL 554101, at *11 (S.D. Ind. Mar. 4, 2009) (holding that plaintiff "cannot opine on medical causation or the impact of Dr Brokaw's medical diagnosis on his ability to work in the future because those opinions would necessarily have to be 'based on scientific, technical, or other specialized knowledge.'") (quoting FRE 701).

Here, seizures and epilepsy are complex medical conditions. Their causes are not explainable by referring to common experiences. Unlike *Hendrickson*, average people would be unable to diagnose seizures or epilepsy in the way that they could opine that beating causes pain. Thus, Motion in Limine No. 8 is **granted.** Lay witnesses may not present testimony, opinions,

arguments, or suggestions about the cause of Mr. Fassold's death or medical diagnoses regarding his seizures and epilepsy. However, provided that the proper foundation is laid, Ms. Marell can testify as to her own prior experiences and rational perceptions of Mr. Fassold's general health. *See* FRE 602; FRE 701; *Collins v. Kibort*, 143 F.3d 331, 337 (7th Cir. 1998) ("A witness does not need to be a doctor to discuss his or her health in general terms."); *Behl v. Vill. of Riverton*, 2022 WL 18780608, at *7 (C.D. Ill. May 19, 2022) ("Any other lay witnesses may testify as to their firsthand observations of plaintiff's emotional distress and/or mental anguish and any physical manifestations attributed to such distress and anguish.").

### F.  Motion in Limine No. 9

The Court previously granted the Sheriff Defendants' Motion in Limine No. 9 as it related to the Golden Rule argument, but it withheld ruling on "Reptile Theory" arguments until the Plaintiff could file her objections. *See* dkt. 192 at 4. The Sheriff Defendants seek to exclude "Reptile Theory" arguments, or arguments that "impermissibly attempt[] to redefine the standard of care in negligence cases by suggesting to the members of the jury that they have the power to improve the safety of themselves, their family members, and their community by rendering a verdict that will lead to the reduction of 'dangerous' or 'unsafe' conduct." Dkt. 181 at 9. Plaintiff objects to the vagueness and expansiveness of "Reptile Theory," claiming that a blanket prohibition would potentially exclude relevant evidence. Dkt. 200 at 6.

The Court **denies** Motion in Limine No. 9's exclusion of "Reptile Theory" arguments, subject to contemporaneous objections. The Sheriff Defendants have not pointed to any specific evidence or argument that would fit under the umbrella of "Reptile Theory" and the Court cannot make a preemptive determination that an abstract concept should be excluded. Indeed, district courts have tended to deny similar "Reptile Theory" motions in limine as overly broad, vague, and

premature. *See, e.g.*, *Gannon v. Menard, Inc.*, 2019 WL 7584294, at *5 (S.D. Ind. Aug. 26, 2019) (collecting cases).

### III.    Conclusion

The Court **denies** the QCC Defendant's Motion in Limine No. 1, dkt. [187].  The Court **denies as moot** the Sheriff Defendants' Motion in Limine No. 1b, dkt. [181], but it withholds ruling on No. 1a. The Court **grants** the Sheriff Defendants' Motion in Limine No. 2 to the extent that Plaintiff may not present evidence or arguments suggesting that the unpreserved second-floor video footage must have contained harmful or adverse evidence detrimental to the Sheriff Defendants' defense. The Court **denies** the motion's exclusion of "any reference to 2nd floor footage." The Court **denies** Motion in Limine No. 3's blanket exclusion on evidence, testimony, or argument related to SCSO policies, customs, practices, training, and supervision. The Court **grants** Motion in Limine No. 6's exclusion of evidence of prior discipline or complaints to prove an individual Sheriff Defendant's character or conformance with prior bad acts. The Court **grants** Motion in Limine No. 8 to the extent that lay witnesses may not present testimony, opinions, arguments, or suggestions about the cause of Mr. Fassold's death or medical diagnoses regarding his seizures and epilepsy. The Court **denies** Motion in Limine No. 9's exclusion of "Reptile Theory" arguments.

**IT IS SO ORDERED.**

Date:    10/23/2025

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

All ECF-Registered Attorneys of Record

9